*Petrie*, for appellant.

*McPherson*, for appellees.

---

LUCY HARCOURT ET AL, *v.* H. G. BAXTER.

**Husband and Wife—Feme Covert—Judgment by Defendant.**

It is erroneous to adjudge by default against a feme covert on an executory contract to purchase land without averring in the petition that she had separate estate or that the purchase was necessary for herself and family.

APPEAL FROM MADISON CIRCUIT COURT.

June 15, 1869.

Opinion of the Court by Judge Williams:

As this was an executory sale of a house and one acre of ground by appellee to appellant, Lucy, at the price of $2300, of which $1000 was paid at the time, and the residue to be paid March 1, 1868, when the deed was to be made as evidenced by a memorandum signed by Baxter, Mrs. Harcourt and her husband, dated January 11, 1868, and much of the deferred payment being paid. Still, according to the long recognized rules as settled by this court in *Johnson and wife v. Jones, 12 B. Mon., 326*, it was erroneous to adjudge by default against the feme convert on such a contract without averring in the petition that she had a separate estate, or that the purchase was necessary for herself and family regarding her pecuniary situation and her condition as to family, etc., so as to bring the case within the common law rules, or the provision of our statute, neither of which is so averred.

But as the husband signed the contract it is enforceable as against him.

Whether it shall finally appear that the payments were the separate estate of Mrs. Harcourt and therefore the contract binding on her, or whether it was such general estate as legally to vest in her husband and therefore irreclaimable by her, will depend on the pleadings and evidence, and to the end that a full and fair adjustment of the legal and equitable rights of these parties may be had, the plaintiff should be allowed to amend his petition and the defendants to make issue thereon, and then the cause finally adjudicated upon such issues and the evidence.

Wherefore the judgment is reversed for further proceedings consistent herewith.

*Turner,* for appellants.

*Burman,* for appellee.